**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JAN 17 2019

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.    15-50387 |
| Plaintiff-Appellee, | D.C. No. 2:11-cr-00922-DDP-15 |
| v. | |
| ELZA BUDAGOVA, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Dean D. Pregerson, District Judge, Presiding

Argued and Submitted January 9, 2019
Pasadena, California

Before: GRABER and WARDLAW, Circuit Judges, and ROBRENO,[**] District
Judge.

Elza Budagova appeals the district court's denial of her motion to dismiss

the indictment or for a mistrial during trial, her post-trial motion for a new trial,

and her motion to suppress, and the order of restitution following her conviction

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Eduardo C. Robreno, United States District Judge for
the Eastern District of Pennsylvania, sitting by designation.

and sentence for conspiracy to distribute controlled substances and conspiracy to defraud Medicare and Medi-Cal, in violation of 21 U.S.C. § 846 and 18 U.S.C. § 1349.  We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).  We affirm.

1.      The district court did not abuse its discretion by denying Budagova's motion to dismiss or for a mistrial during trial and her post-trial motion for a new trial.  *See United States v. Struckman*, 611 F.3d 560, 577 (9th Cir. 2010).  Her claim on appeal that the district court should have granted her this relief because of the government's admitted violations of *Brady v. Maryland*, 373 U.S. 83 (1963), and *Giglio v. United States*, 405 U.S. 150 (1972), is precluded by *United States v. Garrison*, 888 F.3d 1057, 1065–66 (9th Cir. 2018).  There, we held that the district court did not abuse its discretion in fashioning a remedy for the government's *Brady* and *Giglio* violations in the same trial, and that these violations did not prejudice Budagova's similarly situated co-defendant, Garrison.  *Garrison* is the law of the case or, at a minimum, the law of the circuit.  Budagova's attempts to distinguish Garrison's appeal are unavailing.

Even if *Garrison* were not controlling, it leaves no wiggle room for Budagova to argue that the district court abused its discretion.  *See Garrison*, 888 F.3d at 1065–66 (citing *United States v. Howell*, 231 F.3d 615, 627 (9th Cir. 2000)).  Like Garrison, Budagova has not demonstrated that she was prejudiced by

the government's belated disclosures.  There was overwhelming evidence of Budagova's guilt even excluding the testimony of Dr. Santiago and Julie Shishalovsky.  The *Brady* and *Giglio* material was given to the jury during trial, the district court admonished the government for its belated disclosures before the jury, and the court issued a curative jury instruction permitting the jury to exonerate Budagova based solely on the government's violations.

2.      The district court did not abuse its discretion by denying an evidentiary hearing on Budagova's motion to suppress.  *See Howell*, 231 F.3d at 620–21.  The district court was not required to hold an evidentiary hearing because there was no material disputed issue of fact as to whether Budagova's statements during her July 19, 2011, interview were voluntary.  *United States v. Guerrero*, 847 F.2d 1363, 1365–66 (9th Cir. 1988).  Budagova argues that her statements were involuntary because she was confused and she experienced language difficulties during the interview.  But her subjective confusion, absent any coercive action by the government, does not demonstrate that her statements were involuntary.  *See Colorado v. Connelly*, 479 U.S. 157, 167 (1986) ("[C]oercive police activity is a necessary predicate to the finding that a confession is not 'voluntary' within the meaning of the Due Process Clause of the Fourteenth Amendment.").  Moreover, the government demonstrated by a preponderance of

the evidence that Budagova's statements were voluntary.  *See Guerrero*, 847 F.2d at 1365.

3.     Budagova's challenge to the district court's restitution order is foreclosed by *United States v. Green*, 722 F.3d 1146, 1148–49 (9th Cir. 2013).

**AFFIRMED**.